# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| TRUE CHEMICAL SOLUTIONS, LLC, | § § | |
| *Plaintiff/Counter-Defendant* | § § | Civil Action No. 7:18-CV-00078-ADA |
| v. | § § | |
| PERFORMANCE CHEMICAL COMPANY, | § § | |
| | § | **Jury Trial Demanded** |
| *Defendant/Counter-Plaintiff* | § § § § | |

## PLAINTIFF TRUE CHEMICAL SOLUTIONS, LLC'S OPPOSED EMERGENCY MOTION TO CONTINUE TRIAL IN VIEW OF POSITIVE COVID-19 TEST

COMES NOW Plaintiff/Counter-Defendant True Chemical Solutions, LLC ("True Chem"), and submits this Opposed Emergency Motion to Continue Trial In View of Positive COVID-19 Tests. True Chem respectfully moves the Court to continue the trial scheduled for January 25, 2021.

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................ 3

II.   LEGAL STANDARD.......................................................................................................... 4

III.  ARGUMENT....................................................................................................................... 4

    A.   True Chem Requests a Continuance Because Its Lead Trial Counsel Was Diagnosed with COVID-19. ................................................................................... 4

    B.   A Continuance Is Important Because In Addition to Addressing True Chem's Lead Counsel's COVID Diagnosis, It Would Support The Health and Safety of Both Sides' Witnesses................................................................................ 6

    C.   A Brief Continuance Will Not Prejudice Performance Chemical. ......................... 6

IV.   CONCLUSION.................................................................................................................... 7

**I.     INTRODUCTION**

For the reasons detailed below, Plaintiff True Chemical Solutions, LLC ("True Chem") respectfully moves the Court to continue the trial scheduled for January 25, 2021.

Days before the new year began, True Chem's lead trial counsel, Jaison John, and his two sons began experiencing symptoms commonly associated with COVID-19.  Mr. John subsequently underwent a PCR test, and on December 30, 2020 Mr. John received confirmation that he had indeed tested positive for COVID-19.  Around the same time, Mr. John's wife, who is a frontline nurse at M.D. Anderson Cancer Center, began experiencing similar symptoms.  On Monday, January 4, 2021, she also received confirmation that she has tested positive for the coronavirus.  Under the rules of Fort Bend County, where Mr. John and his family reside, Mr. John and his family are required to self-isolate in their home for at least two weeks.  Additionally, Mr. John has informed his law partner, Mr. Terry Morgan, that the severity of his symptoms and his need to look after his family's health have left him unable to fully prepare for the upcoming trial, which is currently set for January 25, 2021, or to assist in pre-trial matters for the foreseeable future.

True Chem does not make this motion lightly and has only sought this Court's relief after duly considering all possible options.  However, the extraordinary nature of Mr. John's and his family's illness, combined with Fort Bend County's quarantining rules, significantly impacts the ability of True Chem's legal team to adequately prepare for trial.  Specifically, since the beginning of this case, True Chem has relied on Mr. John and his partner, Mr. Morgan, for its legal team.  Although True Chem recently brought in co-counsel from the AZA law firm in December to assist in the upcoming trial, those lawyers are not in a position to substitute for Mr. John nor do they possess Mr. John's institutional knowledge of this case.

Accordingly, under these exceptional circumstances, True Chem respectfully requests that the Court briefly continue the trial for a reasonable amount of time to allow for Mr. John to recover from COVID-19 and to prepare for the upcoming trial.

## II.   LEGAL STANDARD

Motions for continuance may be granted for "good cause" in the trial court's discretion. Fed. R. Civ. P. 16(b)(4); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1193 (5th Cir. 1986); S*ee Clinton v. Jones*, 520 U.S. 681, 707 (1997) ("[I]n cases of extraordinary public moment, [plaintiff] may be required to submit to [reasonable] delay…if the public welfare or convenience will thereby be promoted." (citation omitted)).  In assessing good cause, courts consider the (1) explanation for the requested extension; (2) importance of the extension; (3) potential prejudice to the non-moving party from the extension; and (4) availability of a continuance to cure such prejudice. *Sw. Refrigerated Warehousing Servs. Joint Venture v. M.A. & Sons, Inc.*, 2017 WL 8777393, at *3 (W.D. Tex. 2017); *see Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003).  "No single factor is dispositive, nor must all the factors be present." *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 Fed. App'x 866, 869 (5th Cir. 2010).  Courts also evaluate "the totality of the circumstances," and factors including "the likelihood of prejudice from denial of the motion, the facts of the particular case, the complexity of the case, and all of the demands on counsel's time and the court's." *Wade v. Donahoe*, 2015 WL 151455, at *1 (E.D. La. 2015).

## III.   ARGUMENT

### A.   True Chem Requests a Continuance Because Its Lead Trial Counsel Was Diagnosed with COVID-19.

True Chem's lead trial counsel, Jaison John, received a diagnosis of COVID-19 infection on December 30, 2020, a few days after he began to experience symptoms.  Ex. A.  Fort Bend County requires Mr. John to isolate in his home for at least 14 days after this date.  Ex. B.  Mr. John's two

sons and wife are also symptomatic.  In addition, his youngest son was also diagnosed with Covid-19, and his wife received confirmation on January 4, 2021 that she has also tested positive for the virus.  Ex. C.  Everyone in Mr. John's household is exhibiting symptoms of Covid-19, and the family has been advised by medical professionals to quarantine for at least two weeks.

Mr. John's symptoms have progressively worsened and have severely disrupted his ability to work on this case.  Even if his symptoms were to subside before the end of his quarantine period, he would still need to comply with Fort Bend's isolation requirements, which inhibit his ability to meet with co-counsel, witnesses and his trial support team.  Although COVID-19 has forced the country to find new ways to handle transacting business remotely, True Chem respectfully submits that remote communications are not an adequate substitute for in-person collaboration and discussions and would leave True Chem at a monumental disadvantage on the eve of trial.  As this Court would recognize, the outcome of this dispute should be based on the merits of each side's case and the evidence offered at trial and should not turn on which trial team was impacted more or less by a global pandemic.

Similarly, the consequences of Mr. John's unavailability are not limited to his own trial preparation as lead counsel.  In order to assist at trial, True Chem retained co-counsel in December from the AZA law firm in Houston.  Those attorneys rely on Mr. John's significant understanding of the case and on his direction to assist in trial preparation.  Given Mr. John's role as lead counsel on this complex patent case with years of litigation history, the entire litigation team's ability to prepare for trial is harmed by Mr. John's unavailability in the coming weeks.  Therefore, True Chem respectfully asks this Court for a brief continuance to avoid prejudice to True Chem.

    **B.**    **A Continuance Is Important Because In Addition to Addressing True Chem's Lead Counsel's COVID Diagnosis, It Would Support The Health and Safety of Both Sides' Witnesses.**

For the reasons discussed above, a brief continuance is important to avoid prejudice to True Chem resulting from the recent positive COVID diagnosis of its lead counsel. In addition to the extraordinary issues posed by Mr. John's illness, a brief continuance would also provide the added benefit of giving the Court additional time to consider how best to support the health and safety of both True Chem's and Performance Chemical's trial witnesses.

The circumstances with respect to COVID-19 and the nation's vaccination efforts is evolving. Since the parties' last conference before the Court, the Government has started vaccinating the general public against the virus and True Chem believes that an end to the pandemic is now in sight. As a result, a brief continuance of the trial will have the added benefit of allowing the current rise in COVID-19 cases to subside as more and more individuals become vaccinated (and as we move farther away from the holiday season). Accordingly, True Chem believes that proceeding to trial in March or April, for example, would likely be safer than proceeding to trial now and would pose less of a risk to witnesses, lawyers, jurors and to the Court and its staff. *See* Ex. D at 1 (stating that the next distribution phase under the CDC's immunization practices will include legal workers) and Ex. E (estimating that over 100 million will be vaccinated in the United States by the end of March).

    **C.**    **A Brief Continuance Will Not Prejudice Performance Chemical.**

To be clear, True Chem is not requesting an indefinite continuance. Even a modest delay of a few weeks will give True Chem and Mr. John adequate time to overcome the difficulties presented by Mr. John's illness while also decreasing the risks to the health and safety of trial participants, including Performance Chemical's own witnesses and trial team. Similarly, this case has been pending since April 2018 and a brief delay would not result in any prejudice to Performance

Chemical. *See Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, 2015 WL 3773014, at *2 (W.D. Tex. 2015) ("mere delay in collecting [monetary] damages does not constitute undue prejudice."). Any alleged prejudice is also belied by representations in Performance Chemical's prior arguments that a continuance was available to cure prejudice. *See* Motion for Leave to Amend Infringement Contentions, Dkt. 76, at 10.

Furthermore, a short continuance would reduce the risk of wasted resources. Many medical experts are concerned about a post-holiday spike in COVID-19 cases. A patent trial requires significant expenditure of time and resources from attorneys, staff, witnesses, stakeholders, Court personnel and the Jury. This substantial investment may be at risk and would need to be repeated if trial is adjourned, or if a mistrial is declared in view of COVID-19 exposure. A post-holiday surge in COVID-19 cases would exacerbate this risk, which is not a negligible possibility because one of the attorneys in this case has already fallen ill.

### IV.   CONCLUSION

For the reasons discussed above, True Chem respectfully requests a brief continuance of the January 25, 2021 trial date.

Dated:  January 5, 2021

Respectfully submitted,

/s/ Terry D. Morgan_____
Terry D. Morgan
State Bar No. 14452430
tmorgan@johnandmorganlaw.com
Jaison C. John
State Bar No. 24002351
jjohn@johnandmorganlaw.com
JOHN & MORGAN, P.C.
6464 Savoy Dr., Suite 600
Houston, TX 77036
Telephone: (713) 934-4050
Facsimile: (713) 934-7011

Masood Anjom
Texas Bar No. 24055107

manjom@azalaw.com
Justin Chen
Texas Bar No. 24074024
jchen@azalaw.com
Louis Liao
Texas Bar No. 24109471
lliao@azalaw.com
AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI
    & MENSING P.C.
1221 McKinney Street, Suite 2500
Houston, TX 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062

James W. Essman
State Bar No. 00788771
jessman@shaferfirm.com
Miles R. Nelson
State Bar No. 14904750
mnelson@shaferfirm.com
SHAFER, DAVIS, O'LEARY & STOKER
700 North Grant, Ste. 201
P.O. Drawer 1552
Odessa, TX 79760-1552
Telephone: (432) 332-0893
Facsimile: (432) 333-5002

**ATTORNEYS FOR PLAINTIFF AND
COUNTER DEFENDANT,
TRUE CHEMICAL SOLUTIONS, LLC**

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff, True Chemical Solutions, LLC, sent an email to counsel for Performance Chemical Company at 10:30am today identifying Mr. John's condition, the need to file a motion for a continuance of the trial, and a request that PCC indicate if they were opposed to the motion for a continuance. Receiving no response, Counsel for True Chem contacted counsel for PCC via phone at 4:00pm. PCC's counsel indicated that he had been unable to reach his client on this issue, and thus, PCC's counsel indicated that PCC is currently opposed to this motion.

                                                   /s/Terry D. Morgan
                                                   Terry D. Morgan

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was filed electronically in compliance with Local Rules CV-5(b) on January 5, 2021. As such, this document was served on all counsel of record pursuant to Local Rules CV-5(b)(1) and the Federal Rules of Civil Procedure.

**Daniel Scardino**
Email: daniel@scardinollp.com

**Randall L. Rouse**
Email: rrouse@lcalawfirm.com

**Kenneth Matticks**
Email: kmatticks@lcalawfirm.com

**Stephen E. McConnico**
Email: smcconnico@scottdoug.com

**Lisa K. Hooper**
Email: lhooper@lcalawfirm.com

**Robyn Lynn Bigelow Hargrove**
Email: rhargrove@scottdoug.com

**Paige Arnette Amstutz**
Email:  pamstutz@scottdoug.com

                                                /s/ Terry D. Morgan
                                                Terry D. Morgan