IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| TRUE CHEMICAL SOLUTIONS, LLC | § | |
| | § | |
| *Plaintiff/Counter-Defendant* | § | |
| | § | |
| | § | Civil Action No. 7:18-CV-78-ADA |
| *v.* | § | |
| | § | |
| PERFORMANCE CHEMICAL COMPANY | § | |
| | § | |
| *Defendant/Counter-Plaintiff* | § | |

**PERFORMANCE CHEMICAL COMPANY'S RESPONSE TO
TRUE CHEM'S MOTION FOR CONTINUANCE**

Defendant/Counter-Plaintiff Performance Chemical Company ("PCC") hereby responds to the motion for continuance filed by Plaintiff/Counter-Defendant True Chemical Solutions, LLC ("True Chem").

## INTRODUCTION

PCC is sympathetic to Mr. John's COVID diagnosis, and wishes him a speedy recovery. But a COVID diagnosis of one member of a large trial team, a full month before trial, does not substantiate delaying this trial. True Chem has not established good cause to delay trial, and further delay in this case will be prejudicial to PCC. PCC therefore respectfully requests that trial go forward as scheduled. Alternatively, any continuance should be limited to only two weeks, the length of Mr. John's isolation period.

## ARGUMENT

**A.    True Chem Has Not Established Good Cause for Delaying Trial.**

Mr. John's COVID-19 test was performed on December 28, 2020 and his result was reported on December 29, 2020. (True Chem Motion for Continuance ("Motion"), Ex. A). True

Chem waited for more than a week after Mr. John's test results to notify PCC and to file its Motion based on that diagnosis.  By the time of filing, therefore, Mr. John was already half-way through the 14-day COVID isolation period that he claims renders him unable to work.  By this coming Monday, January 11, 2021, Mr. John will be able to leave isolation, even under strict compliance with the conservative recommendations in the Fort Bend COVID webpage attached to the Motion. This still leaves two weeks during which Mr. John may hold in person meetings with co-counsel, witnesses, and his trial support team in advance of trial.

In the meantime, a legacy of this pandemic (sometimes fortunate and sometimes not) is that we have all learned to work remotely.  The Court has been holding Zoom hearings in this matter.  Counsel for PCC has been working from their new home offices, and engaging with each other and their witnesses primarily by phone or Zoom.  A limitation on leaving one's home does not, in this day and age, mean that work cannot be done.  Far from it.

PCC understands, and sympathizes, that Mr. John may not feel well right now and this may make it difficult for him to work.  But True Chem has a trial team comprised of at least six other attorneys who are able to help him during this time.[1]  At this point, all True Chem's pretrial filings have been completed.  And there is no evidence that Mr. John will not be well again soon and fully able to participate in trial preparation and then trial on January 25th.

A district court's decision to grant or deny a continuance is "'exceedingly wide.'"  *Johnson v. Potter*, 364 F. App'x 159, 162 (5th Cir. 2010), *cert. denied*, 561 U.S. 1027 (2010) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1193 (5th Cir. 1986)) (upholding district court's denial of

---

[1] Although the team from the Ahmad, Zavitsanos, Alavi & Mensing law firm is relatively new to this lawsuit, Mr. Morgan, Mr. Essman, and Mr. Nelson have been on the pleadings since 2018-2019.  (ECF Nos. 1, 62).

a motion for continuance despite that the plaintiff's lawyer had withdrawn and plaintiff's doctor had suggested that her health precluded her from attending trial); *see also Wallace v. Harber*, 988 F.2d 1213, 1993 WL 82379, at *2 (5th Cir. 1993) (upholding the denial of a continuance based on unavailability of a witness, when that witness's deposition testimony could be used instead).[2]  In deciding whether to alter the scheduling of a trial, the court must consider "not only the facts of the case but also the demands on counsel's and the Court's time." *Morris v. Sorenson*, No. MO:16-CV-0071-DC, 2019 WL 654542, at *4 (W.D. Tex. Feb. 12, 2019), *dism'd*, 2019 WL 4318416 (5th Cir. July 26, 2019) (Counts, J.).  Here, the continuance requested by True Chem is a significant burden on the Court and on PCC.

This case has been pending since April 27, 2018 (ECF No. 1).  The current scheduling order is the ***Tenth*** Amended Order.  (ECF No. 143).  Trial has already been postponed four times. (ECF Nos. 14, 28, 68, 99).  This Court has also already concluded that True Chem has had ample time to prepare this case for trial, when it denied True Chem's Motion for Leave to Amend Answer, Affirmative Defenses and Counterclaims.  (ECF No. 134).  It made the same conclusion when it denied True Chem's Motion for Leave to Amend Invalidity Contentions.  (ECF No. 211).   In short, a loss of two weeks' trial preparation time for one of its lawyers will not cause significant prejudice to True Chem.

On the other hand, a continuance at this point will cause considerable prejudice to PCC, which will see its right to demand justice, including a request for injunctive relief against its competitor True Chem, further delayed.  *See Peleton Interactive, Inc. v. Flywheel Sports, Inc.*, No.

---

[2] Contrary to True Chem's implication, this is not a case that justifies a delay as a matter of "extraordinary public moment," as contemplated by *Clinton v. Jones*.  *See Clinton v. Jones*, 520 U.S. 681, 707 (1997) (addressing the district court's discretion to consider the impact of litigation on the office of the President of the United States in managing the case).

2:18-cv-00390-RWS-RSP, 2020 WL 338124, at *3 (E.D. Tex. Jan. 21, 2020) (Payne, Mag. J.) (considering, in denying a motion for leave to amend invalidity contentions, the prejudice that a continuance would cause to Peleton, which was seeking a permanent injunction in a case between competitors).   Balancing the inconvenience of Mr. John's illness to True Chem, against the prejudice to PCC of allowing True Chem to continue infringing its patents until an indefinite future trial date, weighs in favor of denying a continuance.

## B.      Alternatively, PCC Requests that any Delay Be Limited to Two Weeks.

True Chem claims that it is "not requesting an indefinite continuance." (Motion, p. 6).  At the same time, however, it suggests that trial should be delayed until the pandemic is under control or a vaccine administered to protect legal workers from COVID risks.  (*Id.* p. 6).  But as a practical matter, this would mean an indefinite postponement of trial and judgment.[3]  None of us can predict when this pandemic will end—and in the meantime PCC is entitled to its day in court.

PCC does not claim that this pandemic, or the potential risks to the Court staff, jurors, attorneys, and witnesses, should be taken lightly.  But this Court has already successfully held in-person trials in these conditions and, at the December 10, 2020 hearing in this case, explained to the parties the many safety precautions it is prepared to take, including spacing requirements, masking requirements, limiting the jury to six jurors to allow for distancing, and accommodating witnesses who desire to testify remotely.  (Ex. A, Transcript of 12/10/20 Hearing, at 78:22-81:16,

---

[3] For that reason alone, a continuance should be denied.  *See, e.g., Command-Aire Corp. v. Ontario Mechanical Sales and Serv. Inc.*, 963 F.2d 90, 96 (5th Cir. 1992) ("A trial court is not required to delay a case indefinitely based on the incapacity of a witness especially where, as here, it is unknown when or if the witness will ever be available to appear."); *see also Johnson*, 364 F. App'x at 162, 164 (continuance proper despite that plaintiff had not retained new counsel and suffered from health problems; doctor's note "did not say when, if ever, [plaintiff] would be available for trial in the future").

4819-4495-4582

87:19-89:7).  In short, Mr. John's COVID diagnosis does not justify a delay until the pandemic ends or everyone is vaccinated.  Had True Chem truly believed that an in-person trial was not appropriate until the pandemic ended, it had the opportunity to say so months ago or, at a minimum, during last month's hearing.

Therefore, to the extent the Court decides to grant True Chem's Motion, PCC respectfully submits that a delay of no more than two weeks is merited.  True Chem's Motion is based on the assertion that Mr. John must isolate for two weeks, from December 28, 2020 to January 11, 2021. At most, therefore, True Chem should only be entitled to two additional weeks of trial preparation time.  Further, True Chem should not be permitted to leverage any delay of the trial setting into a second bite at the apple on the pretrial deadlines that have already passed in this matter, including its deadlines to amend pleadings and invalidity contentions, as well as its expert designation deadline.

## CONCLUSION AND PRAYER

True Chem has not shown that Mr. John will be unavailable for trial on January 25th.  Even if illness impacts Mr. John's ability to prepare for trial, True Chem is well represented by a large team of lawyers who can prepare the case in the interim.  But further delay of trial will prejudice PCC, which is prepared and ready to try this case on January 25, 2021, either in Waco or in Midland.  And to the extent that it is not possible to have a timely trial in Midland, PCC reserves the right to move to transfer venue to the Waco Division on that basis.

FOR THESE REASONS, PCC respectfully requests that the Court enter an order denying True Chem's Motion for Continuance.  Alternatively, PCC requests that the continuance be short, preferably only two weeks, depending on the Court's calendar.

4819-4495-4582

Dated: January 7, 2021

Respectfully Submitted,

*/s/ Paige Arnette Amstutz*
Daniel Scardino
Texas State Bar No. 24033165
SCARDINO LLP
501 Congress Avenue, Suite 150
Austin, TX  78701
Tel.: (512) 443-1667
Fax: (512) 487-7606
daniel@scardinollp.com

Steve McConnico
Texas Bar No. 13450300
Paige Arnette Amstutz
Texas State Bar No. 00796136
Robyn Hargrove
Texas State Bar No. 24031859
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
smcconnico@scottdoug.com
pamstutz@scottdoug.com
rhargrove@scottdoug.com

*Attorneys for Defendant/Counter-Plaintiff*
*Performance Chemical Company*

6

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on January 7, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Paige Arnette Amstutz*
Paige Arnette Amstutz

4819-4495-4582