UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| PERFORMANCE CHEMICAL COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 6:21-cv-00222-ADA |
| TRUE CHEMICAL SOLUTIONS, LLC, | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § | |

## PRELIMINARY INJUNCTION ORDER

BEFORE THE COURT is Performance Chemical Company's ("PCC's") Motion for Sanctions ("Motion") (ECF No. 305), True Chemical Solutions, LLC's ("True Chem's") response to the Motion (ECF No. 320), the Declaration of Tyler Hinrichs filed on March 25, 2021 (ECF No. 321), and PCC's reply (ECF No. 326). The Court has considered the foregoing, as well as the argument of counsel presented at the March 26, 2021 hearing and the record in this case.

The Court has determined, based on the argument, legal authority, and evidence presented in connection with the Motion, that preliminary injunctive relief is appropriate in order to prevent irreparable harm to PCC due to the delay of trial that has resulted from True Chem's discovery abuse and related misconduct. In particular, the Court has had to cancel the recently scheduled trial in this case so that it may fully consider the appropriate sanction for True Chem's misconduct. The Court has determined the following and will issue a separate order detailing the Court's rulings and findings and confirming that:

(1) Defendant True Chem's non-infringement defense shall be stricken.

(2) Defendant True Chem's invalidity counter-claims shall be stricken.

(3) The Court finds that True Chem has willfully infringed.

(4) The Court shall enter a permanent injunction against True Chem to prevent it from continuing its infringing activity.

(5) The Court shall award attorneys fees to Plaintiff PCC.

(6) Finally, the Court will hold a trial solely on the question of damages. It may be a jury trial or bench trial, depending on the preference of the parties.

Preliminary injunctive relief is, therefore, appropriate considering all of the foregoing and (1) the relative rights and hardships of the parties, (2) the likelihood of success on the merits, (3) the possibility of irreparable harm, and (4) the public interest.

Accordingly, pursuant to its inherent authority, Federal Rule of Civil Procedure 37, and 35 U.S.C. § 283, the Court hereby enjoins True Chem, its officers, employees, owners, agents and representatives, and each of their affiliates (the "Enjoined Parties") as follows:

1. the Enjoined Parties shall not infringe U.S. Patent Nos. 9,834,452 and 10,011,501 and shall not make, use, sell, offer to sell, or import in the United States any frac trailers (including but not limited to True Chem's T-4, T-5, T-6, T-8, T-9, T-10 and T-12 trailers) or any other similar water treatment trailers (the "Enjoined Conduct");

2. the Enjoined Parties shall not contribute to or induce (by instructing, encouraging, or otherwise) anyone to infringe U.S. Patent Nos. 9,834,452 and 10,011,501 or engage in the Enjoined Conduct;

3. the Enjoined Parties shall preserve and maintain any and all documents, information (including electronically stored information), equipment, and other evidence in their possession, custody, or control related to True Chem's frac trailers (including but not limited to True Chem's T-4, T-5, T-6, T-8, T-9, T-10 and T-12 trailers) or any other similar water treatment trailers; and

4. this preliminary injunction shall remain in place until further order of this Court issuing a permanent injunction or terminating this preliminary injunction or otherwise relieving the Enjoined Parties from compliance herewith.

**SIGNED** on this __6th__ day of _____April_____, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE